UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| **Earle Asphalt Co.** and **Luis Silverio**, <br><br> Plaintiffs, <br><br> v. <br><br> **County of Camden**; **Camden County Improvement Authority**; and **United Building Trades Council of Southern New Jersey, AFL-CIO**, <br><br> Defendants. | Case No. 1:21-cv-11162 |

# COMPLAINT

Earle Asphalt Company and Luis Silverio bring suit to enjoin Camden County and the Camden County Improvement Authority from enforcing their project labor agreement (PLA) with the United Building Trades Council of Southern New Jersey, AFL-CIO (the Council).

The defendants' project labor agreement prohibits contractors from working on any public-works project covered by the PLA unless they recognize a union affiliated with the Council as the exclusive representative of their employees—even if the contractor's employees have chosen not to unionize, and even if the contractor's employees have chosen a different union to represent them. It also compels the employees of any contractor or subcontractor to pay dues or agency fees to a Council-affiliated union while working on a public-works project subject to the PLA.

The county's project labor agreement violates the rights of contractors and their employees under the First and Fourteenth Amendments. It also violates the federal antitrust laws. The plaintiffs seek declaratory and injunctive relief against its continued enforcement, as well as damages.

## JURISDICTION AND VENUE

1. The Court has subject-matter jurisdiction under 28 U.S.C. § 1331 and 28 U.S.C. § 1343.

2. Venue is proper because a substantial part of the events giving rise to the claims occurred in the district of New Jersey. *See* 28 U.S.C. § 1391(b)(2).

3. Assignment to the Camden vicinage is proper because the defendants are located in Camden county and the cause of action arose there. See Local Rule 40.1(a).

## PARTIES

4. Plaintiff Earle Asphalt Company is a non-union contractor. Its principal place of business is located at 1800 Route 34, Building 2, Suite 205, Wall, New Jersey 07719.

5. Plaintiff Luis Silverio is a non-union tradesman employed by Earle Asphalt Company. Mr. Silverio resides in Monmouth County.

6. Defendant County of Camden (the County) is a municipal corporation organized under the laws of New Jersey. It can be served at 520 Market Street, Camden, New Jersey 08102.

7. Defendant Camden County Improvement Authority (the Authority) is an independent public agency created by the Camden County Board of Commissioners. It can be served at 2120 Voorhees Town Center, Voorhees Township, New Jersey 08043.

8. Defendant United Building Trades Council of Southern New Jersey, AFL-CIO (the Council) is an organization of labor unions. It can be served at 1113 Black Horse Pike, Folsom, New Jersey 08037.

## FACTS

9. A project labor agreement (PLA) is a mandatory union collective-bargaining agreement that all contractors must sign to work on a public-works construction project.

10. A project labor agreement will often force participating contractors to: (a) recognize certain unions as the exclusive representative of their employees; (b) require that their employees become dues-paying members of those unions while working on any project subject to the PLA; (c) contribute to the union's pension and healthcare funds; (d) operate according to the union's work rules; (e) pay their employees according to the union's wage-and-benefits scale; and (f) follow the union's procedures for hiring, firing, and disciplining employees who work on a project covered by the PLA. Some project labor agreements may be less restrictive and impose only some of these requirements on participating contractors.

11. Twenty-five (25) states ban the use of project labor agreements.[1]

12. The county of Camden and the Camden County Improvement Authority have entered into a project labor agreement with United Building Trades Council of Southern New Jersey, AFL-CIO (the Council).

13. The County and the Authority have been imposing this project labor agreement on public-works projects offered to contractors, and they will continue imposing this PLA on future public-works projects unless they are enjoined from doing so.

14. Only contractors (and subcontractors) who agree to the terms of the project labor agreement with the United Building Trades Council of Southern New Jersey, AFL-CIO are eligible to work on public-works projects subject to the PLA.

15. The project labor agreement compels contractors and subcontractors to recognize a union that belongs to the Council as the "sole and exclusive bargaining representatives of all craft employees within their respective jurisdictions working on the Project." Exhibit 1, article 4, section 1.

---

1. The States that ban PLAs are: Alabama, Arkansas, Idaho, Iowa, Florida, Georgia, Kentucky, Louisiana, Mississippi, Missouri, Michigan, Montana, Nevada, New Mexico, North Carolina, North Dakota, Nebraska, Oklahoma, South Carolina, South Dakota, Tennessee, Utah, Virginia, West Virginia, and Wisconsin.

16. The project labor agreement also requires contractors and subcontractors to hire employees who will work on the covered project through the Council-affiliated unions' job-referral system. *See* Exhibit 1, article 5.

17. And the project labor agreement compels the employees of contractors and subcontractors to "become" and "remain members" of a Council-affiliated union while working on any public-works project subject to the PLA. *See* Exhibit 1, article 12, section 1. It also compels employees of contractors and subcontractors to comply with "union security provisions" contained in the Council-affiliated union's collective-bargaining agreements while performing on-site construction work. *See* Exhibit 1, article 5, section 11.

18. This precludes non-union workers—as well as workers who belong to unions that are not affiliated with the United Building Trades Council of Southern New Jersey, AFL-CIO—from working on any public-works project subject to the PLA unless they agree to join and pay a Council-affiliated union.

## FACTS RELATED TO STANDING

19. Plaintiff Earle Asphalt Company is a non-union contractor. Because Earle's employees have exercised their constitutional right to decline membership in a Council-affiliated union, Earle is ineligible to work on any public-works project subject to the defendants' PLA unless it: (1) recognizes a union that belongs to the United Building Trades Council of Southern New Jersey, AFL-CIO as the exclusive representative of its employees—even though Earle's employees have exercised their constitutional and statutory rights to decline union representation; and (2) hires employees from a Council-affiliated union's job-referral system rather than use its own employees to perform work on defendants' public-works projects. This inflicts injury in

fact. This injury is caused by the defendants' enforcement of the project labor agreement, and it will be redressed by declaratory and injunctive relief that prevents the defendants from enforcing their PLA.

20. Earle Asphalt Company is likely to bid on the defendants' public-works projects in the reasonably foreseeable future, and it is able and ready to apply for that work. Earle therefore has standing to seek declaratory and injunctive relief against the continued enforcement of the defendants' project labor agreement. *See Carney v. Adams*, 141 S. Ct. 493 (2020).

21. Plaintiff Luis Silverio is a non-union tradesman employed by Earle Asphalt Company. The defendants' project labor agreement prevents Mr. Silverio from working on the defendants' public-works projects because he refuses to join or pay a Council-affiliated union. The project labor agreement also compels Mr. Silverio to obtain employment through the Council-affiliated unions' job-referral systems if he wants to perform any work on the defendants' public-works projects. This inflicts injury in fact. These injuries are caused by the defendants' enforcement of the project labor agreement, and they will be redressed by declaratory and injunctive relief that prevents the defendants from enforcing the PLA. Mr. Silverio therefore has standing to seek declaratory and injunctive relief against the continued enforcement of the defendants' project labor agreement.

## CLAIM FOR RELIEF NO. 1:
## VIOLATION OF THE FIRST AND FOURTEENTH AMENDMENTS

22. Both public and private employees have a constitutional right to decide whether they will join or associate with a union. *See Roberts v. U.S. Jaycees*, 468 U.S. 609, 623 (1984) ("Freedom of association therefore plainly presupposes a freedom not to associate." (citing *Abood v. Detroit Board of Education*, 431 U.S. 209, 234–35 (1977)); *Pattern Makers' League of N. Am., AFL-CIO v. NLRB*, 473 U.S. 95, 106

(1985) ("Full union membership thus no longer can be a requirement of employment.").

23.   The Constitution also forbids a public employer to require its employees to join or financially support a union as a condition of employment. *See Janus v. American Federation of State, County, and Municipal Employees, Council 31*, 138 S. Ct. 2448 (2018).

24.   A public employer cannot evade the holdings of *Abood* and *Janus* by contracting out its work and then allowing that work to be performed only by employees who agree to join and pay a Council-affiliated union.

25.   Nor can a governmental entity require the employees of its contractors or subcontractors to relinquish their First Amendment rights as a condition of working on public-works projects. *See Board of County Commissioners, Wabaunsee County, Kansas v. Umbehr*, 518 U.S. 668, 674 (1996) ("The government 'may not deny a benefit to a person on a basis that infringes his constitutionally protected . . . freedom of speech' even if he has no entitlement to that benefit" (quoting *Perry v. Sindermann*, 408 U.S. 593, 597 (1972)).

26.   The court should declare that the defendants' project labor agreement violates the First and Fourteenth Amendments, and it should enjoin the defendants from enforcing it. The court should also enjoin the defendants from imposing any project labor agreement that compels workers to join or pay a union on any current or future public-works project.

27.   The court should also award nominal and compensatory damages to each of the plaintiffs under 42 U.S.C. § 1983.

28.   The plaintiffs assert this claim under the causes of action established in 42 U.S.C. § 1983, *Ex parte Young*, 209 U.S. 123 (1908), and the Declaratory Judgment Act, 28 U.S.C. § 2201.

## CLAIM FOR RELIEF NO. 2:
## THE DEFENDANTS' PROJECT LABOR AGREEMENT RESTRAINS COMPETITION IN VIOLATION OF THE ANTITRUST LAWS

29. The federal antitrust laws prohibit contracts that restrain competition. *See, e.g.*, 15 U.S.C. §§ 1–2.

30. The defendants' project labor agreement restrains competition by disqualifying contractors and subcontractors from working on the defendants' public-works projects unless they: (1) agree to recognize a union that belongs to the United Building Trades Council of Southern New Jersey, AFL-CIO as the exclusive representative of their employees; (2) agree to obtain their employees for the defendants' public-works projects through the job-referral systems operated by Council-affiliated unions; and (3) force their employees to join and pay a Council-affiliated union while working on any project subject to the PLA.

31. The defendants' project labor agreement further restrains competition by prohibiting the County and any contractor or subcontractor working on the project from entering into any subcontracts with employers who are not already affiliated with the Council (union contractors) or who refuse to sign a letter of assent to become affiliated with the Council.

32. The defendants' project labor agreement also restrains competition by disqualifying individual laborers from working on the defendants' public-works projects unless they join and pay a union affiliated with the United Building Trades Council of Southern New Jersey, AFL-CIO.

33. The defendants' project labor agreement requires contractors and subcontractors to pay wages and benefits at levels "that have been negotiated and respective signatory Local Unions' collective bargaining agreements except as otherwise specifically provided herein." Exhibit 1, article 14, section 1. This is price-fixing, and it is *per se* illegal under the antitrust laws.

34. The nonstatutory labor exemption to the federal antitrust laws is inapplicable to the defendants' project labor agreement. *See Connell Construction Co. v. Plumbers & Steamfitters Local No. 100*, 421 U.S. 616, 622–23 (1975) ("Labor policy clearly does not require, however, that a union have freedom to impose direct restraints on competition among those who employ its members. . . . [T]he nonstatutory [labor] exemption offers no similar protection when a union and a nonlabor party agree to restrain competition in a business market.").

35. The County and the Authority are non-labor entities.

36. The County and the Authority do not have an existing collective bargaining relationship with the council or the Council's affiliated unions.

37. The defendants' project labor agreement does not apply to employees of the County or the Authority. *See* Exhibit 1, article 3, section 2.

38. The defendants engaged in these acts to, among other reasons, to eliminate competition in the public-works construction industry in the southern New Jersey area by excluding non-union or merit-shop contractors from that industry and by forcing all contractors and subcontractors on the project to contract with only union contractors.

39. The defendants conspired among themselves to fix prices and restrain competition.

40. The court should therefore declare that the defendants' project labor agreement violates the federal antitrust laws, and it should enjoin the defendants from enforcing it.

41. The court should also award treble damages to each of the plaintiffs under 15 U.S.C. § 15.

42. The plaintiffs assert this claim under the causes of action established in 42 U.S.C. § 1983, *Ex parte Young*, 209 U.S. 123 (1908), the Declaratory Judgment Act, 28 U.S.C. § 2201, and the federal antitrust laws, 15 U.S.C. §§ 15, 26.

## DEMAND FOR RELIEF

43. The plaintiffs respectfully request that the court:

   a. declare that the defendants are violating the plaintiffs' constitutional rights under the First and Fourteenth Amendments by enforcing the project labor agreement with the United Building Trades Council of Southern New Jersey, AFL-CIO;

   b. declare that the defendants are violating the federal antitrust laws by enforcing their project labor agreement;

   c. issue a preliminary and permanent injunction that prevents the defendants from enforcing the project labor agreement with the Council, and that prevents the defendants from requiring tradesmen to join or pay a union as a condition to working on any public-works project;

   d. award nominal and compensatory damages to each of the plaintiffs, including treble damages under 15 U.S.C. § 15;

   e. award costs and attorneys' fees under 42 U.S.C. § 1988;

   f. grant other and further relief that the Court may deem just, proper, or equitable.

Respectfully submitted.

JONATHAN F. MITCHELL\*  
Mitchell Law PLLC  
111 Congress Avenue, Suite 400  
Austin, Texas 78701  
(512) 686-3940 (phone)  
(512) 686-3941 (fax)  
jonathan@mitchell.law  

\* *pro hac vice* application pending

Dated: May 13, 2021

/s/ Walter S. Zimolong  
WALTER S. ZIMOLONG  
Zimolong LLC  
Post Office Box 552  
Villanova, Pennsylvania 19085  
(215) 665-0842  
wally@zimolonglaw.com  

*Counsel for Plaintiffs*